# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** (For Offenses Committed On or After November 1, 1987) |
| -vs- | Case Number CR 06-60078-1-AA |
| **STANISLAS GREGORY MEYERHOFF,** | CR 06-60122-2-AA |
| | U.S. Marshal No. 11121-084 |
| | Terri Wood and Richard Fredericks, Defendant's Attorneys |

On July 21, 2006, the defendant pleaded guilty to Counts 1 through 54 of the Information in Case No. CR 06-60078-1-AA On December 14, 2006, the defendant pleaded guilty to Counts 1-8 of the Indictment in Case No. CR 06-60122-2-AA. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Arson and Destruction of an Energy Facility | beginning in October 1996 & continuing through October 2001 | 1 in Case No. 06-60078 |
| 18 USC §§ 844(i) & 2 | Arson | beginning on May 9, 1999 with Count 2 & continuing through May 21, 2001 with Count 54 | 2, 3, 5-41, 43-54 in Case No. 06-60078 |
| 18 USC §1366(a) | Destruction of an Energy Facility | December 30, 1999 | 4 in Case No. 06-60078 |
| 18 USC § 844(i) & 2 | Attempted Arson | May 21, 2001 | 42 in Case No. 06-60078 |
| 18 USC § 844(i) & 2 | Arson | October 19, 1998 | 1-8 of Case No. 06-60122-2-AA |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Defendant shall pay a special assessment in the amount of $6,200.00 for Counts 1 through 54 of Case No. CR 06-60078-1-AA and Counts 1-8 of Case No. CR 06-60122-2-AA, payable immediately to the Clerk of the US District Court, 405 East Eighth Avenue, Suite 2100, Eugene, OR 97401.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Judgment in a Criminal Case
Sheet 2

If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
May 23, 2007

*Ann Aiken*
ANN AIKEN, U.S. DISTRICT JUDGE

Dated this 27 day of June, 2007.

# IMPRISONMENT

As to Count 1 of Case No. CR 06-60078-1-AA, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **sixty (60) months**. As to Counts 2-54 of Case No. CR 06-60078-1-AA, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred fifty six (156) months, to be served concurrent with the sentence imposed in Count 1 and with each other.** As to Counts 1-8 of Case No. CR 06-60122-2-AA, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred fifty six (156) months, to be served concurrent with the sentence imposed in Case No. CR 06-60078-1-AA and with each other.** *

The court makes the following recommendation to the Bureau of Prisons: Commitment to a minimum or low security facility with a preference at FCI, Safford, AZ or in the alternative, FCI, Sheridan, Oregon, if the defendant is otherwise qualified as determined by the policies of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

\* **The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized in Title 18 U.S.C. § 3585(b) and the policies of the Bureau of Prisons.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth below. The defendant shall also comply with the additional Special Conditions of Supervision as set forth below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer if required by law.

2. The defendant shall pay full restitution in the amount of $17,803,346.82 to all the victims identified in this Judgment, to be paid joint and several with Kevin Tubbs, CR 06-60070; Chelsea Gerlach, CR 06-60079 and CR 06-60122; Joseph Dibee, CR 06-60011; Daniel Gerald McGowan, CR 06-60124; Josephine Overaker, CR 06-60011; Suzanne Savioe, CR 06-60080; Nathan Block, CR 06-60123; and Joyanna Zacher, CR 06-60126.. If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 or 10% of gross income per month, whichever is greater per month.

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

4. The defendant shall authorize release to the US Probation Officer any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

5. The defendant shall participate in a mental health treatment program approved by the probation officer.

6. The defendant shall take psycho tropic medication, if medically approved, for the treatment of a mental or emotional disorder as directed by his probation officer.

7. The defendant's employment shall be subject to approval by the probation officer.

8. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of the probation officer.

9. The defendant shall have no contact with individuals known to be involved or have been involved in any illegal environmental or animal rights activism.

10. The defendant shall not participate in any illegal environmental or animal rights activism or belong to any groups or organizations whose primary purpose is environmental and animal rights activism.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing and future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state or local crime and shall not illegally posses a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalyses testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his/her dependents and meet other family responsibilities to the best of his/her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer **within 72 hours** of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, even as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of arms, neck, face and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or a special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| <u>Fine</u> | <u>Restitution</u> | <u>TOTAL</u> |
|---|---|---|
| $0 | $17,803,346.82 | $17,803,346.82 |

The defendant shall make restitution to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Vail Resort Management Co.<br>Director of Insurance<br>390 Interlocken Crescent, Suite 1000<br>Broomfield, CO 80021 | $12,000,000 | $12,000,000 | |
| Childers Meat Co.<br>PO Box 41058<br>Eugene, OR 97404 | $1,177,000 | $1,177,000 | |
| Boise Cascade<br>PO Box 100<br>Medford, OR 97501 | $1,689,593 | $1,689,593 | |
| Bonneville Power Admin.<br>Attn: Tammy Jenks - FT2<br>PO Box 3621<br>Portland, OR 97208-3621 | $32,000 | $32,000 | |
| EPD Substation<br>City of Eugene<br>Eugene Police Dept.<br>Attn: Trent Spradling<br>777 Pearl St.<br>Eugene, OR 97401 | $1,750 | $1,750 | |
| ACE, USA<br>Attn: Greg Crocker, Property Claims<br>500 Colonial Center Parkway, Suite 200<br>Roswell, GA 30076 | $944,591.40 | $944,591.40 | |
| Superior Lumber Company<br>2695 Glendale Valley Road<br>Glendale, OR | $5,000 | $5,000 | |

| | | |
|---|---|---|
| Kendall Auto Group<br>Attn: Dave Bluett<br>PO Box 1318<br>Eugene, OR 97440 | $959,000 | $959,000 |
| Commercial Union Insurance Co.<br>PO Box 25967<br>Overland Park, KS 66210 | $266,493.26 | $266,493.26 |
| Jefferson Poplar Farm<br>79114 Collins Road<br>Clatskanie, OR 97228 | $727,919.16 | $727,919.16 |
| **TOTALS** | **$17,803,346.82** | **$17,803,346.82** |

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the $17,803,346.82 restitution.

The defendant shall pay full restitution in the amount of $17,803,346.82 to all the victims identified in this Judgment, to be paid joint and several with Kevin Tubbs, CR 06-60070; Chelsea Gerlach, CR 06-60079 and CR 06-60122; Joseph Dibee, CR 06-60011; Daniel Gerald McGowan, CR 06-60124; Josephine Overaker, CR 06-60011; Suzanne Savoie, CR 06-60080; Nathan Block, CR 06-60123; and Joyanna Zacher, CR 06-60126.. If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 or 10% of gross income per month, whichever is greater per month.

Any payment shall be divided proportionately among the payees named unless otherwise specified.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.